■ RICHARD KNIZESKI et al., Respondents, v SETTEMBRES LIM-OUSINE, INC., et al., Appellants, and DEBORAH BOHREN et al., Respondents. [864 NYS2d 555]—

In an action to recover damages for personal injuries, etc., the defendants Settembres Limousine, Inc., and John M. Bell appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated November 15, 2007, which granted the plaintiffs' motion and the separate motion of the defendants Deborah Bohren and Jonathan R. Bohren for reargument of their prior cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them, which had been granted in an order of the same court dated June 5, 2007, and upon reargument, in effect, denied their prior cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs-respondents and the defendants-respondents appearing separately and filing separate briefs.

On October 2, 2004, the plaintiff Richard Knizeski and his daughter, the plaintiff Michelle Knizeski-Fulop (hereinafter together the plaintiffs) were injured in a motor vehicle accident while riding in a limousine en route to Michelle's wedding. The limousine was owned by the defendant Settembres Limousine, Inc., and operated by the defendant John M. Bell (hereinafter together the appellants).

At the intersection of Route 9 and Harwood Avenue in Westchester County, the limousine collided with a vehicle owned by the defendant Deborah Bohren and operated by her son, the defendant Jonathan Bohren (hereinafter together the Bohrens), which entered the intersection from a side street controlled by a stop sign. The limousine was spun into the opposing traffic lane, where it collided with a northbound vehicle owned by the defendant Fanny Quezada and operated by her son, the defendant Christopher A. Araujo.

The plaintiffs commenced this action to recover damages for negligence against the appellants, the Bohrens, and Quezada and Araujo. Quezada and Araujo moved for summary judgment dismissing the complaint insofar as asserted against them and the appellants similarly cross-moved for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

The Supreme Court granted the motion of Quezada and Araujo and the appellants' cross motion. With respect to the ap-

pellants' cross motion, the court found that Bohren entered the intersection without yielding the right of way and that the opposing parties failed to demonstrate that Bell was driving in excess of the speed limit or that he failed to use reasonable care to avoid the accident.

The plaintiffs and the Bohrens separately moved for leave to reargue the appellants' cross motion on the ground that the court overlooked or misapprehended portions of Bell's deposition testimony. The court granted the motions, and upon reargument, in effect, denied the appellants' cross motion for summary judgment.

The Supreme Court providently exercised its discretion in granting reargument (*see Leist v Goldstein,* 305 AD2d 468, 469 [2003]; *Connolly v Toys-R-Us,* 250 AD2d 721 [1998]). Moreover, the plaintiffs and the Bohrens established on reargument that the court overlooked triable issues of fact which existed with respect to Bell's rate of speed and/or his failure to use reasonable care to avoid a collision. Accordingly, upon reargument, the Supreme Court properly, in effect, denied the appellants' cross motion for summary judgment (*cf. Rotondi v Rao,* 49 AD3d 520 [2008]; *Mateiasevici v Daccordo,* 34 AD3d 651, 652 [2006]; *Campbell-Lopez v Cruz,* 31 AD3d 475 [2006]; *Cox v Nunez,* 23 AD3d 427, 427 [2005]; *Romano v 202 Corp.,* 305 AD2d 576, 577 [2003]). Lifson, J.P., Florio, Eng and Belen, JJ., concur. [*See* 2007 NY Slip Op 33843(U).]