■ JENNIFER LAMPACH, Plaintiff, v UNIVERSITY HOSPITAL AT STONY BROOK, Defendant, and LAUREN KRUPP, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. SHARWAN K. BAGLA et al., Third-Defendants. STEVEN M. BERNARDINI, Third-Party Defendant-Respondent. [879 NYS2d 192]—

In an action to recover damages for medical malpractice, the defendant third-party plaintiff Lauren Krupp appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated December 4, 2007, as granted that branch of the motion of the third-party defendant Steven M. Bernardini which was for summary judgment dismissing her third-party complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 1, 1995 the plaintiff Jennifer Lampach was admitted to the defendant University Hospital at Stony Brook (hereinafter the hospital) after she was the victim of an assault. A CT scan was normal but, when she was discharged from the hospital on April 3, 1995, the plaintiff still exhibited some weakness on the right side of her face. On April 5, 1995, and again on April 7, 1995, the plaintiff visited the third-party defendant Steven Bernardini, a chiropractor, for treatment of her preexisting temporal mandibular joint dysfunction, or TMJ. On April 8, 1995 the plaintiff returned to the hospital and was diagnosed with traumatic carotid artery dissection.

The plaintiff subsequently commenced this action against the hospital and two neurologists, Mark Kaufman and Lauren Krupp, who treated her there, alleging medical malpractice. The neurologists commenced third-party actions against Bernardini, among others, alleging, in part, that he had caused the plaintiff's carotid artery dissection by manipulating her spine and neck only days after she had suffered head trauma, and that performing the manipulations was, under the circumstances, a departure from good and accepted chiropractic practice. Bernardini moved for summary judgment dismissing the third-party complaints insofar as asserted against him. In support of his motion, he submitted, inter alia, his own deposition testimony and that of the plaintiff's parents, as well as his treatment records. The plaintiff's parents and Bernardini unequivocally denied that he had manipulated the plaintiff's spine and neck after the plaintiff was assaulted. Bernardini's records of the two visits likewise provided no indication that he performed such manipulations. In opposition to the motion, Krupp pointed out that Bernardini

had made several additions to his treatment records, after the plaintiff suffered the carotid artery dissection, to explicitly indicate that he had not performed the manipulations, and she argued that these additions raised an issue of fact as to whether he had indeed performed those procedures. Before Bernardini made those additions, the treatment records did not mention anything about neck and back manipulations on the dates at issue.

The Supreme Court granted Bernardini's motion on the ground that, even if he had performed the manipulations, there was no triable issue as to whether those treatments were a departure from accepted practice. We affirm, but for a different reason.

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury" (*Berger v Becker*, 272 AD2d 565, 566 [2000]; *see Nichols v Stamer*, 49 AD3d 832, 833 [2008]). Here, regardless of whether manipulation of the plaintiff's neck and spine would have been a departure from the standard of care under the circumstances, and regardless of whether, if performed, such manipulations could have been a proximate cause of the plaintiff's injury, Bernardini established, prima facie, that he did not perform any such manipulations. The additions to the medical records did not contradict the earlier entries, and thus raised no triable question of fact. Moreover, in opposition, Krupp failed to submit any evidence raising a triable issue of fact as to whether Bernardini performed any manipulation of the plaintiff's neck or spine after the assault. Consequently, Bernardini's motion for summary judgment dismissing Krupp's third-party complaint insofar as asserted against him was properly granted (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur. [*See* 2007 NY Slip Op 33974(U).]