■ IRA GOLDSMITH et al., Appellants, v JOSEPH P. TAVERNI et al., Respondents. [935 NYS2d 39]—

On their motion for summary judgment, the defendants had the burden of establishing either the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]; *Dolan v Halpern*, 73 AD3d 1117 [2010]). Here, the defendants met their initial burden by demonstrating that any departures from good and accepted medical practice were not a proximate cause of any alleged injuries. In that respect, the defendants' expert averred that, despite any failure to diagnose the injured plaintiff's conditions, the injured plaintiff nonetheless received two of the treatment modalities prescribed for those conditions, and explained that any delay in surgical treatment of the conditions did not affect the injured plaintiff's prognosis. In opposition, the plaintiffs' expert failed to articulate how the treatment would have been different had the defendant made a timely diagnosis. Furthermore, he failed to articulate, in a nonconclusory fashion, that the injured plaintiff's condition would not have deteriorated had there been a timely diagnosis. The affirmation of the plaintiffs' expert was, therefore, insufficient to raise a triable issue of fact as to causation (*see McLoughlin v Suffolk Obstetrics & Gynecology, LLP*, 85 AD3d 984 [2011]; *Dunn v Khan*, 62 AD3d 828, 829 [2009]).

The parties' remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.