Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered February 24, 2012, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 16, 2011, which granted defendant’s posttrial motion to set aside or, in the alternative, reduce the verdict, as legally insufficient and/or against the weight of the evidence, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs claim that defendant’s alleged failure to diagnose and treat the infant plaintiffs appendicitis resulted in an unnecessary open appendectomy, with its resultant scar and other damages, as opposed to the less invasive laparoscopic procedure.
On March 21, 2005, the infant plaintiff, a 10-year-old girl who had complained of a stomach ache and diarrhea, was taken to see defendant. Defendant examined plaintiff, and her findings showed no symptoms of appendicitis, including any fever, vomiting, or severe stomach pain, when she examined plaintiffs abdominal area. Defendant diagnosed gastroenteritis, and prescribed bed rest, Tylenol and Pedialyte. Plaintiff complained of stomach pain over the next few days, and, on Wednesday evening, March 23, 2005, over two days since she had seen defendant, her mother took her to the emergency room of Bronx Lebanon Hospital, where she underwent an emergency open appendectomy.
Because there was insufficient proof that plaintiff presented to defendant with the symptoms of appendicitis, the evidence was legally insufficient to support the verdict (see Rodriguez v Montefiore Med. Ctr., 28 AD3d 357 [1st Dept 2006]).
Plaintiffs must show that defendant departed from the accepted standard of medical practice, and that this departure was a proximate cause of the patient’s injuries, via the presentation of expert testimony, in order to prevail in a medical malpractice action (see Frye v Montefiore Med. Ctr., 70 AD3d 15, 24 [1st Dept 2009]; Pauling v Orentreich Med. Group, 14 AD3d 357 [1st Dept 2005], lv denied 4 NY3d 710 [2005]).
*543 The only departure from good and accepted medical practices attributed to defendant was plaintiff’s expert’s opinion that, had defendant written down the results of her findings, she might have noted “some issues,” but he did not purport to explain what these issues were. Further, plaintiffs expert relied on assumptions that were not supported by evidence in the record, such as an assumption that plaintiff presented with fever. Thus, his opinion was conclusory and speculative, and failed to make out a prima facie case, since he stated defendant’s departures consisted of failing to “document” a good physical exam of plaintiff, not her failure to “perform” a good one (see Rodriguez, 28 AD3d 357). Concur — Mazzarelli, J.E, Sweeny, Moskowitz, Renwick and Freedman, JJ.