■ SANGEETHA SHASHI et al., Respondents, v SOUTH NASSAU COMMUNITIES HOSPITAL, Appellant, et al., Defendants. [961 NYS2d 307]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant South Nassau Communities Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated April 5, 2011, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant South Nassau Communities Hospital which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice, alleging that employees of the defendant South Nassau Communities Hospital (hereinafter the hospital) failed to diagnose a fracture of the injured plaintiff's right clavicle during a visit to the hospital's emergency room on April 6, 2006. In the order appealed from, the Supreme Court, inter alia, denied that branch of the hospital's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

On its motion for summary judgment, the hospital had "the burden of establishing, prima facie, either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (*Rivers v Birnbaum*, 102 AD3d 26, 43 [2012]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]). Here, the hospital met its initial burden by establishing that any departures from the applicable standard of care were not a proximate cause of any alleged injuries. The hospital's expert averred that, despite any failure to diagnose the injured plaintiff's fracture at the hospital's emergency room, the injured plaintiff nonetheless received appropriate treatment for the condition when the emergency room staff immobilized her arm with a sling and instructed her to follow up with an orthopedist (*see Goldsmith v Taverni*, 90 AD3d 704, 705 [2011]).

In opposition, the affidavit of the plaintiffs' expert did not raise a triable issue of fact. When, as here, "a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (*Bey v Neuman*, 100 AD3d 581, 582 [2012] [internal quotation marks omitted]; *see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]). Here, the plaintiffs' expert failed to lay the requisite foundation. Moreover, even assuming the requisite foundation had been laid, the expert's assertions that a diagnosis of the fracture at the hospital would have led to adequate immobilization, without specifying what adequate immobilization would have entailed, and may have resulted in "normal healing," are conclusory and speculative, and thus, insufficient to raise a triable issue of fact as to causation (*see Rivers v Birnbaum*, 102 AD3d at 48; *Goldsmith v Taverni*, 90 AD3d at 705; *Andreoni v Richmond*, 82 AD3d 1139, 1139-1140 [2011]).

Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.