JOYCEANN SCHMITT et al., Respondents, v MEDFORD KIDNEY CENTER et al., Defendants, and ANNE L. REINHART, APRN, BC, Appellant. [996 NYS2d 75]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant Anne L. Reinhart appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated March 18, 2013, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Anne L. Reinhart which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In order to establish the liability of a professional health care provider for medical malpractice, a plaintiff must prove that the provider " 'departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries' " (*DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012], quoting *Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Fink v DeAngelis*, 117 AD3d 894, 896 [2014]). Accordingly, a professional health care provider who moves for summary judgment dismissing a complaint alleging medical malpractice "must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]). Once the health care provider has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden (*see id.* at 902; *see Stukas v Streiter*, 83 AD3d at 30). If a defendant establishes his or her entitlement to judgment as a matter of law, the plaintiff must demonstrate the existence of a triable issue of

fact through the submission of evidentiary facts or materials (*see Zapata v Buitriago*, 107 AD3d 977 [2013]; *Stukas v Streiter*, 83 AD3d at 24). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005]). "Such conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (*DiGeronimo v Fuchs*, 101 AD3d at 936).

A medical malpractice cause of action may be asserted against a registered nurse for departures from good and accepted nursing practice that proximately cause a plaintiff's injuries (*see Bleiler v Bodnar*, 65 NY2d 65, 71-72 [1985]). Here, the appellant, an advanced practice registered nurse, established her prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against her through her deposition testimony and relevant medical records, as well as two detailed expert affirmations that were based on the deposition testimony and medical records. This evidence demonstrated that the appellant's treatment of the plaintiff Joyceann Schmitt (hereinafter the patient) was in accordance with good and accepted nursing practice and, in any event, any alleged departure was not a proximate cause of the patient's injuries (*see Khosrova v Westermann*, 109 AD3d 965 [2013]; *Poter v Adams*, 104 AD3d 925, 926 [2013]; *Lahara v Auteri*, 97 AD3d 799 [2012]; *Perro v Schappert*, 47 AD3d 694 [2008]; *Ortaglia v Scanlon*, 35 AD3d 421 [2006]).

However, in opposition, the plaintiffs raised a triable issue of fact, through the affirmation of their expert nephrologist, Dr. Joseph Lieber, as to whether the appellant departed from good and accepted nursing practice and, if so, whether such a departure was a proximate cause of the patient's injuries. Contrary to the appellant's contention, Lieber was qualified to render an opinion, as he was "possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [1979]; *see Lopez v Gem Gravure Co., Inc.*, 50 AD3d 1102, 1103 [2008]; *de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517 [2007]). Moreover, Lieber identified the applicable standard of care and the manner in which the appellant allegedly deviated from that standard (*cf. DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d 774 [2014]). Accordingly, Lieber's affirmation was sufficient to raise a triable issue of fact and, thus, the court properly denied that branch of the appellant's motion which was for summary judgment dismissing the cause of ac-

tion alleging medical malpractice insofar as asserted against her (*see Romano v Persky*, 117 AD3d 814 [2014]; *Hayden v Gordon*, 91 AD3d 819 [2012]; *Savage v Franco*, 35 AD3d 581 [2006]).

However, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against her. The appellant demonstrated her prima facie entitlement to judgment as a matter of law in this respect through the affirmation of her experts, and the documentary evidence of a written consent form signed by the patient, which stated, inter alia, that the patient had been informed about the proposed hemodialysis procedure, the alternatives thereto, and the reasonably foreseeable risks and benefits of that procedure (*see* Public Health Law § 2805-d; *Khosrova v Westermann*, 109 AD3d at 966-967; *Zapata v Buitriago*, 107 AD3d 977 [2013]; *Johnson v Staten Is. Med. Group*, 82 AD3d 708 [2011]). In opposition to the appellant's showing in this regard, the plaintiffs failed to raise a triable issue of fact (*see Lau v Wan*, 93 AD3d 763, 765 [2012]). In his affirmation, the plaintiffs' own expert stated that the injury sustained by the patient was not a known complication of the procedure and, therefore, it was not a reasonably foreseeable risk that should have been disclosed by the appellant. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.