(October 28, 2015)

◼ GRACE ABAKPA et al., Respondents, v DEAN MARTIN, Defendant, and AUDREY STEDFORD, Appellant. [19 NYS3d 303]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Audrey Stedford appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 6, 2013, which granted the plaintiffs' motion for leave to reargue their opposition to her motion for summary judgment dismissing the complaint insofar as asserted against her, which had been granted in an order of the same court dated May 6, 2013, and, upon reargument, vacated the determination in the order dated May 6, 2013, granting her motion for summary judgment dismissing the complaint insofar as asserted against her and thereupon denied the motion.

Ordered that the order dated November 6, 2013, is modified, on the law, by deleting the provision thereof, upon reargument, vacating the determination in the order dated May 6, 2013, granting the motion of the defendant Audrey Stedford for summary judgment dismissing the complaint insofar as asserted against her and thereupon denying that motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated May 6, 2013, granting the motion of the defendant Audrey Stedford for summary judgment dismissing the complaint insofar as asserted against her; as so modified, the order dated November 6, 2013, is affirmed, with costs to the appellant.

On February 25, 2008, the plaintiff Grace Abakpa (hereinafter the injured plaintiff) underwent a hysterectomy, which was performed by the defendant Dean Martin. On February 29, 2008, the injured plaintiff called Dr. Martin's office and spoke with the defendant Audrey Stedford, a nurse who worked for Dr. Martin. According to the injured plaintiff, she complained that she was having "severe pain" and "cold sweats," and felt like she was "burning up," although Stedford testified at her deposition that the injured plaintiff denied any symptoms of an infection on that date, including fever. Stedford refilled a prescription for pain medication for the injured plaintiff, but did not advise the injured plaintiff to come to Dr. Martin's office on that date. On March 3, 2008, the injured plaintiff attempted to alleviate her pain by placing a hot water bottle on her abdomen, but fell asleep and sustained severe burns. On March 5, 2008, the injured plaintiff called Dr. Martin's office to report the burns, spoke with Stedford, and complained that she was feeling "severe pain," "cold sweats," and "possible fever." At Stedford's instruction, the injured plaintiff came to Dr. Martin's office that day for an examination. Dr. Martin prescribed an antibiotic for the injured plaintiff to prevent her from developing an infection from the burns but did not diagnose the injured

plaintiff with an existing infection. The next day, the injured plaintiff's condition worsened and she was hospitalized at Staten Island University Hospital, where she was diagnosed with an infection and treated with intravenous antibiotics.

The injured plaintiff, and her husband suing derivatively (hereinafter together the plaintiffs), commenced this action against Dr. Martin and Stedford, inter alia, to recover damages for medical malpractice arising from their alleged failure to diagnose her with an infection resulting from the hysterectomy. Stedford moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated May 6, 2013, the Supreme Court, among other things, granted Stedford's motion for summary judgment dismissing the complaint insofar as asserted against her. The plaintiffs then moved for leave to reargue their opposition to Stedford's motion for summary judgment. In an order dated November 6, 2013, the Supreme Court granted the plaintiffs' motion for leave to reargue their opposition to Stedford's motion for summary judgment, and, upon reargument, vacated the determination in the order dated May 6, 2013, granting Stedford's motion for summary judgment, and thereupon denied that motion.

Contrary to Stedford's contention, the Supreme Court providently exercised its discretion in granting reargument (*see Shields v Kleiner*, 93 AD3d 710, 711-712 [2012]; *Knizeski v Settembres Limousine, Inc.*, 54 AD3d 1005, 1006 [2008]). However, upon reargument, the Supreme Court erred in failing to adhere to its original determination granting Stedford's motion for summary judgment dismissing the complaint insofar as asserted against her.

"In order to establish the liability of a professional health care provider for medical malpractice, a plaintiff must prove that the provider 'departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries' " (*Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088, 1088 [2014], quoting *DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012] [internal quotation marks omitted]). "[A] professional health care provider who moves for summary judgment dismissing a complaint alleging medical malpractice 'must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries' " (*Schmitt v Medford Kidney Ctr.*, 121 AD3d at 1088, quoting *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]). "Once the health care provider has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements

on which the defendant met the prima facie burden" (*Schmitt v Medford Kidney Ctr.*, 121 AD3d at 1088; *see Stukas v Streiter*, 83 AD3d 18, 30 [2011]).

Here, Stedford failed to establish, prima facie, that she did not depart from good and accepted nursing practice by failing to instruct the injured plaintiff to come in for an examination on February 29, 2008, or to record the injured plaintiff's complaints made on that date and promptly notify Dr. Martin of those complaints (*see Quinn v Nyack Hosp.*, 286 AD2d 675, 677 [2001]). Stedford's experts, in opining that she did not depart from good and accepted nursing practice, relied upon Stedford's deposition testimony that the injured plaintiff denied any signs or symptoms of an infection, including fever, on February 29, 2008, but they failed to address conflicting evidence in the record, specifically, that the injured plaintiff testified at her deposition that she told Stedford she felt like she was "burning up" on February 29, 2008, and that Stedford testified she would be "worried about an infection" if a patient complained of "burning up," which "to me means fever" (*see Reiss v Sayegh*, 123 AD3d 787, 789 [2014]; *Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Muscatello v City of New York*, 215 AD2d 463, 464 [1995]).

However, Stedford established, prima facie, that any departures by her from the applicable standard of care were not a proximate cause of the alleged injuries (*see generally Shashi v South Nassau Communities Hosp.*, 104 AD3d 838 [2013]; *Goldsmith v Taverni*, 90 AD3d 704 [2011]). In opposition to that prima facie showing, the plaintiffs failed to raise a triable issue of fact based on the speculative opinion of their expert that a post-operative infection, even assuming such a condition existed on February 29, 2008, could have been diagnosed sooner if Stedford had instructed the injured plaintiff to come in for an examination on February 29, 2008, or recorded the injured plaintiff's complaints made on that date and promptly notified Dr. Martin of those complaints (*see Senatore v Epstein*, 128 AD3d 794, 795-796 [2015]; *Rivera v Jothianandan*, 100 AD3d 542 [2012]; *Goldsmith v Taverni*, 90 AD3d at 705; *Simmons v Brooklyn Hosp. Ctr.*, 74 AD3d 1174, 1178 [2010]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [2006]).

Accordingly, the Supreme Court should have, upon reargument, adhered to its original determination granting Stedford's motion for summary judgment dismissing the complaint insofar as asserted against her. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.