■ KAREN METCALF, Appellant, v MICHAEL O'HALLERAN, D.C., Respondent, et al., Defendant. [25 NYS3d 679]—

In an action, inter alia, to recover damages for chiropractic malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated January 29, 2014, as granted that branch of the motion of the defendant Michael O'Halleran which was for summary judgment dismissing the cause of action alleging chiropractic malpractice insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who had previously been involved in an automobile accident and sustained injuries that required back surgery in 2002, received chiropractic treatment from the defendant Michael O'Halleran (hereinafter the defendant), from August 2009 until October 2009. The plaintiff alleged that during that treatment, the defendant negligently performed an adjustment on her lumbar spine, which resulted in injuries, including the need for a second back surgery in 2010.

The plaintiff commenced this action, inter alia, to recover damages for chiropractic malpractice. The defendant moved, inter alia, for summary judgment dismissing the cause of action alleging chiropractic malpractice insofar as asserted against him. The Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.

On a motion for summary judgment in a chiropractic malpractice action, a defendant has the burden of establishing, prima facie, that he or she did not deviate from good and accepted standards of chiropractic care, or that any such deviation was not a proximate cause of the plaintiff's injuries (*see Lampach v University Hosp. at Stony Brook*, 62 AD3d 839, 841 [2009]; *see also Shank v Mehling*, 84 AD3d 776, 777-778 [2011]; *Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d 431, 433 [2009]). "In opposition, the plaintiff must demonstrate the existence of a triable issue of fact only as to the elements on which the defendant has met his or her initial burden" (*Rivers v Birnbaum*, 102 AD3d 26, 43 [2012]; *see Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, the defendant failed to establish, prima facie, that he did not depart from good and accepted chiropractic practice in treating the plaintiff. In support of his motion for summary judgment, the defendant submitted the affirmation of an expert. The affirmation, in which the expert opined that the defendant did not depart from good and accepted chiropractic practice, relied on the defendant's deposition testimony that he did not perform any adjustments on the plaintiff's lumbar spine, and failed to address conflicting evidence in the record, specifically, the plaintiff's testimony at her deposition that the defendant performed a lumbar adjustment on her (*see Abakpa v Martin*, 132 AD3d 924, 927 [2015]; *see also Reiss v Sayegh*, 123 AD3d 787, 789 [2014]; *Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Plato v Guneratne*, 54 AD3d 741, 742 [2008]).

However, the defendant established, prima facie, that any departure by him from the applicable standard of care was not a proximate cause of the plaintiff's alleged injuries (*see generally Abakpa v Martin*, 132 AD3d at 927; *Shashi v South Nassau Communities Hosp.*, 104 AD3d 838, 838 [2013]; *Goldsmith v Taverni*, 90 AD3d 704, 705 [2011]). In opposition, the plaintiff's submission of the speculative and conclusory opinions of her experts failed to raise a triable issue of fact (*see Carioscia v Welischar*, 124 AD3d 816, 817 [2015]; *Sukhraj v New York City Health & Hosps. Corp.*, 106 AD3d 809, 810 [2013]; *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging chiropractic malpractice insofar as asserted against him. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.