(August 9, 2017)

■ LOBZHANIDZE ALIOSHA, Appellant, v ABRAHAM OSTAD, Respondent. [61 NYS3d 55]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 2, 2014, as granted that

branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff underwent a hydrocelectomy, a surgical procedure to remove fluid that had formed around his right testicle. The surgery was performed by the defendant. After surgery, the plaintiff complained of pain in the scrotal area, and he eventually lost the functionality of his right testicle. The plaintiff commenced this action to recover damages for, inter alia, medical malpractice, alleging that the demise of his right testicle was due to, among other things, the defendant's failure to perform an orchiopexy (tacking of the testicle) during the hydrocelectomy, which led to testicular torsion and devascularization of the right testicle. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. On appeal, the plaintiff contends that the court should have denied that branch of the motion which was for summary judgment dismissing the medical malpractice cause of action.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see DiLorenzo v Zaso*, 148 AD3d 1111, 1112 [2017]; *Feuer v Ng*, 136 AD3d 704, 706 [2016]). A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (*see Hernandez v Nwaishienyi*, 148 AD3d 684, 686 [2017]; *Feuer v Ng*, 136 AD3d at 706; *Stukas v Streiter*, 83 AD3d at 24). In response, it is the plaintiff's burden to raise a triable issue of fact "regarding the element or elements on which the defendant has made its prima facie showing" (*Feuer v Ng*, 136 AD3d at 706 [internal quotation marks omitted]; *see Stukas v Streiter*, 83 AD3d at 24). To do so, a plaintiff "must submit evidentiary facts or materials to rebut the defendant's prima facie showing" (*Stukas v Streiter*, 83 AD3d at 24 [internal quotation marks omitted]) beyond mere "[g]eneral and conclusory allegations of medical malpractice" (*DiLorenzo v Zaso*, 148 AD3d at 1112 [internal quotation marks omitted]; *see Brinkley v Nassau Health Care Corp.*, 120 AD3d 1287, 1290 [2014]; *Roca v Perel*, 51 AD3d 757, 759 [2008]).

Here, based on the plaintiff's medical records, the defendant's expert, a board-certified urologist, opined, within a reasonable degree of medical certainty, that the plaintiff did not experience testicular torsion. The opinion of the defendant's expert was based upon review of ultrasound images that revealed good blood flow to the right testicle, meaning that the plaintiff did not experience testicular torsion, as blood flow could not be restored after torsion. As such, the defendant demonstrated, prima facie, that any departure from the applicable standards of care as alleged by the plaintiff did not proximately cause the plaintiff's alleged injuries (*see DiLorenzo v Zaso*, 148 AD3d at 1113; *Metcalf v O'Halleran*, 137 AD3d 758, 759 [2016]; *Shashi v South Nassau Communities Hosp.*, 104 AD3d 838, 838 [2013]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's unnamed expert was conclusory and speculative, and failed to address specific assertions made by the defendant's expert, especially those pertaining to proximate causation (*see Hernandez v Nwaishienyi*, 148 AD3d at 686; *Feuer v Ng*, 136 AD3d at 707; *Brinkley v Nassau Health Care Corp.*, 120 AD3d at 1290). In attempting to refute the opinion of the defendant's expert regarding good blood flow to the right testicle, the plaintiff's expert did not actually review the ultrasound images on which the defendant's expert opinion was based, but reviewed only the ultrasound report (*see DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the medical malpractice cause of action. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.