Culver v Simko (2019 NY Slip Op 01989)





Culver v Simko


2019 NY Slip Op 01989


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1372 CA 18-01276

[*1]GARRETT CULVER, PLAINTIFF-RESPONDENT,
v
SHAWN M. SIMKO, D.O., ET AL., DEFENDANTS, AND CARL T. PEARSON, D.C., INDIVIDUALLY, AND DOING BUSINESS AS PEARSON CHIROPRACTIC, DEFENDANT-APPELLANT. 






FELDMAN KIEFFER, LLP, BUFFALO (GORDON D. TRESCH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Eugene F. Pigott, Jr., J.), entered October 5, 2017. The order, insofar as appealed from, denied the motion of defendant Carl T. Pearson, D.C., individually and doing business as Pearson Chiropractic, for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Carl T. Pearson, D.C., individually and doing business as Pearson Chiropractic (defendant), appeals from an order insofar as it denied his motion for summary judgment dismissing the complaint against him. We affirm.
"On a motion for summary judgment in a chiropractic malpractice action, a defendant has the burden of establishing, prima facie, that he or she did not deviate from good and accepted standards of chiropractic care, or that any such deviation was not a proximate cause of the plaintiff's injuries" (Metcalf v O'Halleran, 137 AD3d 758, 759 [2d Dept 2016]). Even assuming, arguendo, that defendant addressed both deviation and causation in his motion and met his initial burden by submitting his own affidavit and two expert affidavits, we conclude that plaintiff raised triable issues of fact (see generally Orsi v Haralabatos, 20 NY3d 1079, 1080 [2013]). In opposition to defendant's motion, plaintiff submitted the affidavits of his experts, who opined that defendant breached the applicable standard of care when he failed to diagnose plaintiff with cauda equina syndrome and did not ensure that plaintiff received the appropriate tests and emergency care to facilitate treatment of that condition. Plaintiff's experts further opined that defendant's deviation from the standard of care was a proximate cause of plaintiff's injuries (see Kless v Paul T.S. Lee, M.D., P.C., 19 AD3d 1083, 1084 [4th Dept 2005]). Thus, the affidavits submitted by the parties presented a " classic battle of the experts' " precluding summary judgment (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). Moreover, plaintiff submitted defendant's deposition testimony, which also raised triable issues of fact whether defendant deviated from the relevant standard of care.
Finally, defendant contends that Supreme Court erred in denying his motion because he, as the referring provider, cannot be held vicariously liable for the negligence of the treating provider. We reject that contention because plaintiff presented evidence that defendant was independently negligent (see Datiz v Shoob, 71 NY2d 867, 868 [1988]; Derusha v Sellig, 92 AD3d 1193, 1195 [3d Dept 2012]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court