Matthis v Hall (2019 NY Slip Op 05120)





Matthis v Hall


2019 NY Slip Op 05120


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10002
 (Index No. 23453/06)

[*1]Dennis Matthis, etc., appellant, 
v
Simon J. Hall, etc., et al., respondents, et al., defendant.


Joel M. Gluck, New York, NY, for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey and Elliot Zucker of counsel), for respondents Simon J. Hall, Richard G. Stock, and Mount Sinai Medical Center.
Dopf, P.C., New York, NY (Martin B. Adams of counsel), for respondent Memorial Sloan-Kettering Cancer Center.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated March 31, 2016. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Memorial Sloan-Kettering Cancer Center and the defendants Simon J. Hall, Richard G. Stock, and Mount Sinai Medical Center which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In July 2004, Wesley Matthis (hereinafter the decedent) sought treatment and was diagnosed with prostate cancer at the defendant Memorial Sloan-Kettering Cancer Center (hereinafter Sloan-Kettering). Bone scan and magnetic resonance imaging results revealed no evidence of metastasis of the prostate cancer. In October 2004, the decedent sought a second opinion at the defendant Mount Sinai Medical Center (hereinafter Mount Sinai) regarding his proposed treatment plan. The decedent thereafter discontinued his treatment at Sloan-Kettering and followed the treatment plan recommended by physicians at Mount Sinai.
In July 2005, following treatment of the decedent, his radiation oncologist at Mount Sinai, the defendant Richard G. Stock, determined that the decedent was "clinically and biochemically without evidence of disease." However, at a follow-up visit in November 2005 with his urologist at Mount Sinai, the defendant Simon J. Hall, the decedent complained of rectal bleeding and tested positive for having blood in his stool. Hall referred the decedent to a gastroenterologist. The decedent thereafter was diagnosed with metastatic colon cancer for which he underwent surgery, radiotherapy, and chemotherapy. The decedent died on June 6, 2007.
Prior to his death, the decedent commenced this action against Hall, Stock, and Mount Sinai (hereinafter collectively the Mount Sinai defendants) and Sloan-Kettering to recover damages, inter alia, for medical malpractice. After the decedent's death, the complaint was amended to include a cause of action to recover damages for wrongful death. Sloan-Kettering and the Mount Sinai defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order dated March 31, 2016, the Supreme Court granted the motions. The plaintiff appeals from so much of the order as granted those branches of the separate motions of Sloan-Kettering and the Mount Sinai defendants which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against each of them.
"In order to establish the liability of a professional health care provider for medical malpractice, a plaintiff must prove that the provider departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Schmitt v Medford Kidney Ctr., 121 AD3d 1088, 1088, quoting DiGeronimo v Fuchs, 101 AD3d 933, 936 [internal quotation marks omitted]; see Abakpa v Martin, 132 AD3d 924, 926). "[A] professional health care provider who moves for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries'" (Schmitt v Medford Kidney Ctr., 121 AD3d at 1088, quoting Gillespie v New York Hosp. Queens, 96 AD3d 901, 902). "Once the health care provider has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (Schmitt v Medford Kidney Ctr., 121 AD3d at 1088; see Abakpa v Martin, 132 AD3d at 926-927).
" Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient'" (Meade v Yland, 140 AD3d 931, 933, quoting Chulla v DiStefano, 242 AD2d 657, 658; see Donnelly v Parikh, 150 AD3d 820, 822). "[T]he question of whether a physician owes a duty to the plaintiff is a question for the court, and is not an appropriate subject for expert opinion'" (Burns v Goyal, 145 AD3d 952, 954, mod 30 NY3d 956, quoting Burtman v Brown, 97 AD3d 156, 161).
Here, Sloan-Kettering established, prima facie, that it did not depart from accepted medical practice in treating the decedent. The plaintiff contends that he raised a triable issue of fact in opposition, since his expert opined that Sloan-Kettering should have ordered or performed a colonoscopy as part of a complete cancer screening of the decedent. However, the plaintiff did not present any evidence to raise a triable issue of fact as to whether Sloan-Kettering assumed a general duty of care to independently screen the decedent for other cancers for which he had neither sought treatment nor exhibited any symptoms, and there was no evidence that the decedent relied on Sloan-Kettering for such care (see Donnelly v Parikh, 150 AD3d at 822-823; Meade v Yland, 140 AD3d at 933; Chin v Long Is. Coll. Hosp., 119 AD3d 833, 834). Accordingly, we agree with the Supreme Court's determination granting those branches of Sloan-Kettering's motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against it.
The Mount Sinai defendants similarly demonstrated, prima facie, that they did not depart from the applicable standard of care in the diagnosis of the decedent's colon cancer, and the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff's expert opined, inter alia, that the Mount Sinai defendants should have ordered or performed a colonoscopy at the decedent's initial consultation or shortly thereafter. However, the Mount Sinai defendants, from whom the decedent sought treatment for prostate cancer, had no duty to conduct an unrelated preventative cancer screening, such as a colonoscopy, with respect to the asymptomatic decedent (see Donnelly v Parikh, 150 AD3d at 822; Meade v Yland, 140 AD3d at 933; Chin v Long Is. Coll. Hosp., 119 AD3d at 834). Likewise, the plaintiff's expert's opinion that the Mount Sinai defendants should have ordered or referred the decedent for a colonoscopy when he complained of chronic constipation in January 2005 was insufficient to raise a triable issue of fact, since the expert did not identify chronic constipation as a symptom of colon cancer or otherwise provide any support for his [*2]conclusory assertion. Accordingly, the affirmation of the plaintiff's expert failed to raise a triable issue of fact in opposition to the prima facie showing by the Mount Sinai defendants (see Ahmed v Pannone, 116 AD3d 802, 806; Khosrova v Westermann, 109 AD3d 965, 967), and we agree with the Supreme Court's determination granting those branches of the motion of the Mount Sinai defendants which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them.
In view of the foregoing, we do not consider the parties' remaining contentions.
MASTRO, J.P., DILLON, MALTESE, BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court