Gallo v Reiss (2020 NY Slip Op 07358)





Gallo v Reiss


2020 NY Slip Op 07358


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2020-04006
 (Index No. 60981/18)

[*1]Daniel Gallo, et al., appellants, 
v
Robert Reiss, etc., et al., respondents.


Caitlin Robin & Associates, PLLC, New York, NY, for appellants.
Rawle & Henderson LLP, New York, NY (Stephen J. Levy and Paul E. Blutman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for chiropractic malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated April 30, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Daniel Gallo (hereinafter the injured plaintiff), and his wife suing derivatively, commenced the instant chiropractic malpractice action against the defendant Robert Reiss and his chiropractic practice. The plaintiffs alleged that the defendants failed to conduct proper diagnostic testing before performing cervical manipulation, which resulted in injuries to the injured plaintiff's cervical spine, including the need for a surgery in 2017. The defendants subsequently moved for summary judgment dismissing the complaint. In an order dated April 30, 2020, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"On a motion for summary judgment in a chiropractic malpractice action, a defendant [chiropractor] has the burden of establishing, prima facie, that he or she did not deviate from good and accepted standards of chiropractic care, or that any such deviation was not a proximate cause of the plaintiff's injuries" (Metcalf v O'Halleran, 137 AD3d 758, 759). "In opposition, the plaintiff must demonstrate the existence of a triable issue of fact only as to the elements on which the defendant has met his or her initial burden" (id. at 759 [internal quotation marks omitted]).
Here, the defendants established, prima facie, that the injured plaintiff's alleged injuries were pre-existing and degenerative in nature and, thus, any departure from accepted chiropractic practice was not a proximate cause of the alleged injuries (see Aliosha v Ostad, 153 AD3d 591, 593; Metcalf v O'Halleran, 137 AD3d at 759). In opposition, the affirmation of the plaintiffs' expert was speculative and conclusory, and failed to raise a triable issue of fact (see Martinez v Quintana, 138 AD3d 791, 792; Rivers v Birnbaum, 102 AD3d 26, 44).
We also agree with the Supreme Court's determination to grant summary judgment dismissing the complaint to the extent it sought recovery on the basis of lack of informed consent. [*2]In light of their failure to raise a triable issue of fact as to proximate cause, the plaintiffs cannot sustain a cause of action predicated on lack of informed consent (see Yankus v Kelly, 72 AD3d 1068, 1070). In any event, the plaintiffs failed to raise a triable issue of fact as to whether a reasonably prudent person in the injured plaintiff's position would have refused chiropractic treatment if they had been fully informed of the risks, benefits, and alternatives (see Public Health Law § 2805-d[3]; Thompson v Orner, 36 AD3d 791, 793).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court