Weston v Staten Is. Care Ctr., LLC (2024 NY Slip Op 00207)

Weston v Staten Is. Care Ctr., LLC

2024 NY Slip Op 00207

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-04255
2023-04258
 (Index No. 522308/16)

[*1]Gretel Weston, etc., appellant, 
v
Staten Island Care Center, LLC, et al., respondents.

Feiner & Lavy, P.C., New York, NY (Richard G. Monaco of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Alejandra R. Gil of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated March 16, 2023, and (2) a judgment of the same court dated April 14, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff, individually and as the administrator of the estate of her daughter Marlene Redman (hereinafter the decedent), commenced this action to recover damages for medical malpractice and wrongful death in connection with treatment rendered to the decedent at a long-term care facility owned and operated by the defendants. The decedent was a resident of the defendants' facility when she died shortly after eating lunch at the facility. The plaintiff alleged that the decedent choked on food and died. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint, arguing that the decedent did not choke on food and that the care they provided to the decedent did not deviate from the accepted standard of medical care. The Supreme Court granted the motion. The plaintiff appeals.
"In order to establish the liability of a professional health care provider for medical malpractice, a plaintiff must prove that the provider 'departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Schmitt v [*2]Medford Kidney Ctr., 121 AD3d 1088, 1088, quoting DiGeronimo v Fuchs, 101 AD3d 933, 936 [internal quotation marks omitted]; see Abakpa v Martin, 132 AD3d 924, 926). "[A] professional health care provider who moves for summary judgment dismissing a complaint alleging medical malpractice 'must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries'" (Schmitt v Medford Kidney Ctr., 121 AD3d at 1088, quoting Gillespie v New York Hosp. Queens, 96 AD3d 901, 902; see Matthis v Hall, 173 AD3d 1162, 1163). "Once the health care provider has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (Schmitt v Medford Kidney Ctr., 121 AD3d at 1088; see Matthis v Hall, 173 AD3d at 1163).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the decedent's death certificate, certain deposition testimony, medical records, and an affirmation from their expert, which demonstrated that the record does not support the theory that the decedent died due to asphyxiation from choking. The death certificate listed the cause of death as "Cardio Pulmonary Arrest" due to or as a consequence of "Metastatic Thyroid Cancer." The deposition testimony of a registered nurse manager and a licensed practical nurse employed by the defendants demonstrated that prior to the decedent's death, she was making sounds and not making any choking gestures. The defendants' expert affirmed that "[t]he ability of the patient to make sounds is inconsistent with a clinical diagnosis of choking." The expert opined that the defendants did not depart from the applicable standard of care in their treatment of the decedent, and that none of the care provided by the defendants was a proximate cause of the decedent's injuries.
In opposition, the plaintiff failed to raise a triable issue of fact. An affidavit and an affirmation from the plaintiff's experts failed to address the specific assertions made by the defendants' expert and were otherwise conclusory and unsupported by the evidence (see Choida v Schirripa, 188 AD3d 978, 980; Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838, 840-841, affd 36 NY3d 1102). The remaining evidence relied upon by the plaintiff in opposition to the defendants' motion was also insufficient to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court