■ KIMBERLEE M., Respondent, v IRA JAFFE et al., Appellants, et al., Defendants. [30 NYS3d 631]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 23, 2015, which, to the extent appealed from as limited by the briefs, denied defendants Ira Jaffe and Health Quest Medical Practice, P.C.'s (defendants) motion for summary judgment dismissing the claims asserted on behalf of infant plaintiff BK, unanimously affirmed, without costs.

In this medical malpractice action, Dr. Jaffe and Health Quest Medical Practice, P.C.'s submission on the motion of,

inter alia, the affirmation of their pediatric expert and BK's hospital records, which revealed normal Apgar scores and a prompt discharge, established a prima facie defense entitling them to summary judgment, if not rebutted (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In opposition, plaintiffs raised a triable issue of fact as to the existence of developmental delays. Plaintiff's expert pediatric neurologist's opinion that BK has experienced developmental delays and dyspraxia is appropriately "based on facts in the record or personally known to the witness" (*Park v Kovachevich*, 116 AD3d 182, 192 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014], quoting *Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]). The opinion is supported by, inter alia, BK's treating pediatrician's records, which reflect a concern about walking development, BK's parents' deposition testimony as to their observations, and the expert's finding upon a neurological examination of BK.

While certain of plaintiff's expert's opinions were conclusory, such as those relating to causation, the Jaffe defendants moved solely on the ground that BK was not injured, and thus, causation was not at issue on the motion.

The motion court did not improvidently exercise its discretion in considering the affirmation of plaintiff's previously undisclosed expert (*see Gallo v Linkow*, 255 AD2d 113, 117 [1st Dept 1998]). CPLR 3101 (d) "does not require a party to retain an expert at any particular time" (*LaMasa v Bachman*, 56 AD3d 340, 341 [1st Dept 2008]), plaintiff promptly served the expert's affirmation within 45 days of the examination of BK (*see* 22 NYCRR 202.17 [c]), and the preliminary conference order only required plaintiff to serve expert disclosures at least 60 days before trial. Moreover, the trial judge cured any possible prejudice by granting defendants permission to perform an independent medical examination of BK.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.