15-3113-cv
Karina Garcia, et al. v. Michael R. Bloomberg, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand sixteen.

PRESENT: GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
CHRISTINA REISS,
*Chief District Judge*.[*]

-----------------------------------------------------------------------

KARINA GARCIA, AS CLASS REPRESENTATIVE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, YARI OSORIO, AS CLASS REPRESENTATIVE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, BENJAMIN BECKER, AS CLASS REPRESENTATIVE ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, CASSANDRA REGAN, AS CLASS REPRESENTATIVE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, YAREIDIS PEREZ, AS CLASS REPRESENTATIVE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, STEPHANIE JEAN UMOH, AS CLASS REPRESENTATIVE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, TYLER SOVA, AS CLASS REPRESENTATIVE ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, MICHAEL CRICKMORE, AS

---

[*] Chief Judge Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

1

CLASS REPRESENTATIVE ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, BROOKE FEINSTEIN, AS CLASS REPRESENTATIVE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

MARCEL CARTIER, AS CLASS REPRESENTATIVE ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,

*Plaintiff.*

v.                                                                No. 15-3113-cv

MICHAEL R. BLOOMBERG, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY, RAYMOND W. KELLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, CITY OF NEW YORK, JANE AND JOHN DOES 1-40, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,

*Defendants-Appellees.*

------------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | CARL MESSINEO (Mara Verheyden-Hilliard, *on the brief*), Partnership for Civil Justice Fund, Washington, D.C. |
| FOR DEFENDANTS-APPELLEES: | RICHARD DEARING, Assistant Corporation Counsel (Melanie T. West, Deborah A. Brenner, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York City Law Department, New York, New York. |

Appeal from a September 10, 2015 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants ("Plaintiffs") appeal from an order of the district court denying their request for leave to file a proposed Third Amended Complaint.[1] Plaintiffs' proposed Third Amended Complaint asserts claims of false arrest against Defendants Michael Bloomberg, City of New York, Raymond Kelly (Commissioner of the New York Police Department (NYPD)), Joseph Esposito (Chief of the Department for the New York Police Department), Thomas Purtell (Assistant Chief of the Department), as well as other named and unnamed individual officers who were present at or participated in the mass arrest of marchers who blocked the Brooklyn Bridge roadway during an October 2011 Occupy Wall Street protest march. Plaintiffs participated in that march and were arrested by the NYPD. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of leave to amend for abuse of discretion. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016). Leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), but "'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" *Ladas*, 824 F.3d at 28 (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)). "[W]hen denial of

---

[1]This Court previously reversed and remanded the District Court's denial of defendants' motion to dismiss with instructions to dismiss the Second Amended Complaint. *See Garcia v. Does*, 779 F.3d 84 (2d Cir. 2015) (as amended).

3

leave to file a revised pleading is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co*., 796 F.3d 160, 164 (2d Cir. 2015). Plaintiffs sought to amend their complaint to add additional allegations in support of their state and federal law claims of false arrest against the individual officers as well as City and NYPD officials under the *Monell* doctrine. The plaintiffs newly allege, based largely on testimony from police depositions in other cases, that defendants Purtell and Esposito did not deploy appropriate police tactics to prevent marchers from following the line of officers down the roadway portion of the Bridge. Plaintiffs further allege that Chief Esposito directly participated in the false arrests of the marchers and that Raymond Kelly, Commissioner of the NYPD, failed to supervise him. Plaintiffs additionally allege *de facto* policies of the City and the NYPD allowing and even facilitating unpermitted marches and then, without warning, performing mass arrests of marchers.

Vicarious liability is not applicable in § 1983 suits. *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). Thus, "to impose liability on a municipality under § 1983, a plaintiff must identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Newtown v. City of New York*, 779 F.3d 140, 152 (2d Cir. 2015) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). The "City cannot be liable under *Monell* where [a plaintiff] cannot establish a violation of his constitutional rights." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (internal

quotation marks omitted).

Plaintiffs here assert false arrest as their underlying cause of action for the *Monell* claim. Probable cause is a complete defense to a claim of false arrest under New York law. *See Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). This Court previously held, *Garcia v. Does*, 779 F.3d 84 (2d Cir. 2015) (as amended) ("*Garcia III*"), that the arresting officers were entitled to qualified immunity for the claim of false arrest because the officers had probable cause to effect the seven hundred arrests. *See id.* at 92, 96.

We determined in *Garcia III* that "defendants in this case had, from their personal observations, sufficient evidence to establish probable cause on each of the elements of a disorderly conduct violation," and noted that "the law of probable cause" does not "require[] police officers to engage in an essentially speculative inquiry into the potential state of mind of (at least some) of the demonstrators." *Id.* at 96. Therefore, the question before us now is whether the proposed additions to the Third Amended Complaint plausibly allege facts that vitiates probable cause for the arrests of the marchers for violating N.Y. Penal Law § 240.20(5).

Plaintiffs have not added sufficient allegations in the proposed Third Amended Complaint to show lack of probable cause for the underlying arrests. Taking Plaintiffs' new allegations as true, Plaintiffs' main contentions are (1) that Chief Esposito was on the scene and knew that many of the marchers did not hear the instructions to disperse,

5

yet made the decision to arrest anyway, (2) that actions of Esposito and other officers conveyed implicit permission to march on the roadway, (3) that Esposito, the City, and the NYPD had other methods to prevent Plaintiffs from proceeding on the bridge and chose not to use them, and (4) that the City and NYPD had policy of escorting unpermitted protests but then arresting the participants without notice. But none of these allegations defeats probable cause for the arrests.

"An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (internal quotation marks omitted). The demonstrators were arrested for disorderly conduct under N.Y. Penal Law § 240.20(5), which prohibits "obstruct[ing] vehicular or pedestrian traffic." *Id.* As we previously noted, "[t]he essential flaw in plaintiffs' logic . . . is the extent to which it requires police officers to engage in an essentially speculative inquiry into the potential state of mind of (at least some of) the demonstrators. Neither the law of probable cause nor the law of qualified immunity requires such speculation." *Garcia III*, 779 F.3d at 96.

The proposed Third Amended Complaint does not alter our conclusions in *Garcia III*. Rather, it only asserts that Esposito had better knowledge of the state of mind of the demonstrators than the other individual officers had, namely that Plaintiffs lacked the

6

intent to violate the law.[2] But the state of mind of the demonstrators—whether they thought that they were participating in a sanctioned, First-Amendment-protected roadway march or whether they were intentionally or recklessly blocking traffic—is irrelevant to the question of probable cause, although it is a potential defense to the underlying criminal charge. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[T]he arresting officer does not have to prove plaintiff's version wrong before arresting him.").

While an officer may not "deliberately disregard facts known to him which establish justification," *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003), even the facts alleged in the Third Amended Complaint, if true, do not plausibly plead that Esposito deliberately ignored facts known to him that justified the marchers' takeover of the roadway. As this Court has already explained, the scene was chaotic, the retreat of police officers on the Bridge was not an unambiguous invitation to follow, and many marchers continued to funnel onto the sidewalk path. *See Garcia III*, 779 F.3d at 93–94.

The Third Amended Complaint alleges that there were no unambiguous instructions given to the marchers *not* to follow the officers, but does not assert any facts in support of instructions to follow the officers beyond the conclusory claim that "the clear communicative message of the ongoing police lead and escort was that it was permissible for marchers to continue in the police escorted march" onto the roadway. Joint App'x at 103. But the video evidence considered by this panel and by the previous panel

---

[2] It is relevant to note that Esposito was one of the named individual officer defendants at the time we considered defendants' previous appeal.

incontrovertibly shows the absence of a clear message that their conduct was lawful. Absent the allegation of specific facts to support a direct communication from police to marchers that the marchers were permitted to occupy the road, the Third Amended Complaint fails to change our prior conclusion that the defendants had probable cause to arrest Plaintiffs for violating N.Y. Penal Law § 240.20(5).

Because Plaintiffs' constitutional rights were not violated by the arrests, the plaintiffs' *Monell* claims are also barred. "Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff." *Askins*, 727 F.3d at 253. Thus, the simple existence of a policy, without the corresponding violation, may not be challenged under § 1983.

Insofar as Plaintiffs allege that Esposito acted as a policymaker who failed to use sound police tactics (such as deploying scooters or installing orange mesh) to prevent the demonstrators from entering the bridge roadway, mere negligence is insufficient to establish a *Monell* claim. *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 128 (2d Cir. 2004). Furthermore, the allegation that Kelly failed to supervise Esposito similarly fails, as Esposito did not violate Plaintiffs' constitutional rights for the reasons stated above.

We have considered Garcia's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court