■ Angela M. Boyd, Appellant, v City of New York et al., Respondents. [39 NYS3d 757]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered April 1, 2015, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's motion for partial summary judgment on her claim for false arrest and imprisonment, unanimously affirmed, without costs.

Plaintiff cannot prevail on her false arrest and imprisonment claim, because her confinement was privileged (*De Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016]). The police had probable cause to arrest plaintiff based on: the three controlled drug buys out of her first floor apartment, including from a woman matching her physical description; utilities records showing that the basement where the contraband was found was not a separate apartment; and the fact that the police

actually found drugs and drug paraphernalia in the basement when executing a search warrant (*id.*). Further, plaintiff had constructive possession of the contraband, because she had dominion and control over the basement apartment, which she could access from her first floor apartment without a key (*People v Diaz*, 24 NY3d 1187, 1190 [2015]; *People v Manini*, 79 NY2d 561, 573 [1992]).

Plaintiff provides no compelling basis to challenge the presumed validity of the search warrant (*People v Calise*, 256 AD2d 64, 65 [1st Dept 1998], *lv denied* 93 NY2d 851 [1999]).

Because the City conceded that the police were acting within the scope of their employment, plaintiff may not proceed with her claim for negligent hiring and retention (*Gonzalez v City of New York*, 133 AD3d 65, 67-68 [1st Dept 2015]; *Sugarman v Equinox Holdings, Inc.*, 73 AD3d 654, 655 [1st Dept 2010]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels and Webber, JJ.