■ RENEE LINDSAY-THOMPSON et al., Appellants, v MONTEFIORE MEDICAL CENTER et al., Respondents. [49 NYS3d 98]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about August 25, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although defendants failed to establish that there was no departure from good and accepted medical practice in their

administration of Phenergan, an anti-nausea medication, to plaintiff Renee Lindsay-Thompson (plaintiff), they established prima facie that any departure was not a proximate cause of plaintiff's alleged injuries (*see Anyie B. v Bronx Lebanon Hosp.*, 128 AD3d 1, 3 [1st Dept 2015]). Their expert opined that plaintiff's symptoms were inconsistent with extravasation (leakage) of Phenergan, and that, in any event, there was no causal relationship between extravasation and the alleged injuries, reflex sympathetic dystrophy (RSD) and fibromyalgia.

Because defendants failed to establish the absence of a departure from the standard of care, plaintiffs were not required to raise a triable issue of fact as to whether there was a departure (*see Stukas v Streiter*, 83 AD3d 18, 29-30 [2d Dept 2011]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Kimberlee M. v Jaffe*, 139 AD3d 508, 509 [1st Dept 2016]). However, they failed to raise an issue of fact with respect to proximate cause.

Although there is just enough evidence to raise an issue of fact whether extravasation occurred, plaintiffs failed to establish any causal connection between extravasation and RSD or fibromyalgia. Their medical expert did not assert that there was any connection to fibromyalgia, opining instead that fibromyalgia was caused by "chronic pain and depression." To the extent plaintiffs claim that this "chronic pain and depression" was caused by defendants' malpractice, the claim is impermissibly speculative—especially in light of plaintiff's many preexisting conditions. Although plaintiffs' medical expert conclusorily asserted that extravasation was capable of causing RSD, she failed to address or even acknowledge that a pain specialist whom plaintiff consulted had conclusively ruled RSD out.

To the extent plaintiffs raise arguments on appeal as to their informed consent and negligent hiring claims, we find that those claims were correctly dismissed. Plaintiffs' experts failed to respond to defendants' expert's assertion that "it is not the standard of care to give informed consent to administer a small dose of Phenergen [sic]," which is FDA-approved and administered routinely. With respect to negligent hiring, plaintiffs do not even allege any acts outside the scope of the individual defendants' employment (*see Boyd v City of New York*, 143 AD3d 609, 610 [1st Dept 2016]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.