Phin v City of New York (2018 NY Slip Op 00333)





Phin v City of New York


2018 NY Slip Op 00333


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5475 301299/13

[*1]Olyn Phin, Plaintiff-Respondent,
v
City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Max McCann of counsel), for appellants.
Pollack, Pollack Isaac & DeCicco, LLP, New York (Michael H. Zhu of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about April 12, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The evidence shows that plaintiff resided in and was the leaseholder of an apartment where contraband was discovered pursuant to a search warrant. Plaintiff's residence and tenancy established her dominion and control over the apartment, and thus placed her in constructive possession of the contraband found therein (see People v Diaz, 24 NY3d 1187, 1190 [2015]; People v Manini, 79 NY2d 561, 573 [1992]). This is so despite the fact that her children's father had access to the apartment and also admitted and was charged with possession of the same contraband, since "[p]ossession if joint is no less possession" (People v Tirado, 38 NY2d 955, 956 [1976]). This is also true despite the fact that plaintiff was not in the apartment when the search warrant was executed and the contraband discovered (see Boyd v City of New York, 143 AD3d 609 [1st Dept 2016]; People v Hines, 278 AD2d 849 [4th Dept 2000], affd 97 NY2d 56 [2001]). Plaintiff's possession of the contraband, in turn, gave rise to probable cause for her arrest. Nor does the record show that there were any material changes in fact to undermine the probable cause between her arrest and the filing of charges against her (see Brown v City of New York, 60 NY2d 893, 894-895 [1983]). There is no evidence in the record sufficient to overcome the presumption of validity in the search warrant which led to the discovery of the contraband (see People v Calise, 256 AD2d 64, 65 [1st Dept 1998], lv denied 93 NY2d 851 [1999]).
The existence of probable cause constitutes a complete defense to plaintiff's state claims (see Nadal v City of New York, 105 AD3d 598 [1st Dept 2012], lv denied 21 NY3d 861 [2013]; Lawson v City of New York, 83 AD3d 609 [1st Dept 2011], lv dismissed 19 NY3d 952 [2012]), and federal claims for false arrest, false imprisonment, and malicious prosecution (see Brown v City of New York, 289 AD2d 95 [1st Dept 2001]; Manganiello v City of New York, 612 F3d 149, 161-162 [2d Cir 2010]).
The existence of probable cause likewise defeats any claim for the same acts based on a lesser showing of negligence (see Boose v City of Rochester, 71 AD2d 59, 62 [4th Dept 1979]; Garcia v Bloomberg, 2015 WL 5444122, *4, 2015 US Dist LEXIS 123407, *10 [SD NY 2015], [*2]affd 662 Fed Appx 50 [2d Cir 2016], cert denied US , 137 S Ct 2266 [2017]).
There is no evidence to support any claim for use of excessive force in effecting her arrest.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK