Erkomaishvili v Volovoy (2020 NY Slip Op 04730)





Erkomaishvili v Volovoy


2020 NY Slip Op 04730


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-09734
 (Index No. 505057/13)

[*1]Irma Erkomaishvili, etc., appellant, 
v
Vitaly Volovoy, etc., et al., respondents, et al., defendants.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Marci D. Mitkoff of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 2, 2017. The order granted the motion of the defendants Vitaly Volovoy and Multi Care Medical NY, PLLC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendant physician Vitaly Volovoy and his employer, the defendant Multi Care Medical NY, PLLC (hereinafter together the MCM defendants), inter alia, to recover damages for medical malpractice, alleging that the failure to admit the plaintiff's decedent, Meri Erkomaishvili, to a hospital for emergency care was a proximate cause of her death. The decedent was examined by Volovoy in his office on May 29, 2013, presenting with symptoms of chronic dry cough, shortness of breath on moderate exertion, and weight loss of approximately 18 pounds over the preceding three months. Volovoy ordered an EKG, a chest X ray, blood chemistry, and "CBC," and prescribed ampicillin. Volovoy examined the decedent in his office again on May 31, 2013, and ordered a chest CT scan, which took place the same day, a pulmonary consult, and a follow-up visit in two weeks. The decedent, however, suffered a cardiac arrest on June 1, 2013, and was rushed to a hospital, where she died on June 22, 2013. The CT scan performed on May 31, 2013, but reviewed after the decedent's cardiac arrest, was read to indicate masses on her lung, spine, and liver that were "highly suspicious for metastatic deposits." The MCM defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated August 2, 2017, the Supreme Court granted the motion. The plaintiff appeals.
" Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries'" (Dixon v Chang, 163 AD3d 525, 526, quoting Bongiovanni v Cavagnuolo, 138 AD3d 12, 15). Thus, in moving for summary judgment dismissing a complaint alleging malpractice claims, a defendant doctor "must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" [*2](Matthis v Hall, 173 AD3d 1162, 1163). "If such a showing has been made, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1079, quoting Deutsch v Chaglassian, 71 AD3d 718, 719; see Alvarez v Prospect Hosp., 68 NY2d 320, 325). "Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955 [citation omitted]). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (id. at 955 [internal quotation marks omitted]; see Lowe v Japal, 170 AD3d 701, 702).
Here, the MCM defendants demonstrated their prima facie entitlement to judgment as a matter of law through the submission of deposition testimony, medical records, and an expert affirmation establishing that they did not depart from good and accepted medical practice and that, in any event, any alleged departures were not a proximate cause of the decedent's cardiac arrest and subsequent death (see Prunty v Pastula, 171 AD3d 1110, 1111). In opposition to the MCM defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether any alleged departure, including, inter alia, the failure to refer the decedent to a hospital for emergency care, was a proximate cause of the decedent's death, particularly as an autopsy was not performed and the cause of the decedent's death was not determined. The affirmation of the plaintiff's expert was conclusory and speculative, and relied upon facts not supported by the record (see Schwartz v Partridge, 179 AD3d 963; Wagner v Parker, 172 AD3d at 955). It was therefore insufficient to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the motion of the MCM defendants for summary judgment dismissing the complaint insofar as asserted against them (see Wagner v Parker, 172 AD3d at 955; Lowe v Japal, 170 AD3d at 703).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court