Cucchiara v Funicelli (2020 NY Slip Op 07859)





Cucchiara v Funicelli


2020 NY Slip Op 07859


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12580
 (Index No. 100503/15)

[*1]Joseph Cucchiara, etc., appellant,
v
Mario Funicelli, etc., et al., respondents.


Sullivan Papain Block McGrath Cannavo, P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Bartlett LLP, White Plains, NY (David C. Zegarelli of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical and chiropractic malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated August 16, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 25, 2011, the plaintiff's brother, Thomas Cucchiara (hereinafter the decedent), allegedly sustained personal injuries when he was involved in a motor vehicle accident. Beginning in 2011, the decedent received chiropractic treatment from the defendant Mario Funicelli, a chiropractor, and medical treatment from the defendant Igor Stiler, a neurologist, for alleged injuries sustained by him in the accident. According to Funicelli and Stiler, during their examinations of the decedent, the decedent did not make any complaints regarding the condition of his skin and they did not observe any skin condition.
On May 14, 2014, the decedent presented to his dermatologist complaining of a swollen area behind his left ear. On June 4, 2014, the dermatologist obtained a "punch biopsy." On June 12, 2014, the biopsy revealed positive results for adenocarcinoma of the skin.
In the instant action, the plaintiff alleged, inter alia, that the defendants committed medical and chiropractic malpractice in failing to diagnose adenocarcinoma of the skin on the decedent's head and neck in a timely manner and in failing to refer the decedent to an appropriate specialist. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion. The plaintiff appeals, and we affirm.
Medical malpractice actions require evidence that "that the physician deviated or departed from accepted community standards of practice, and that such a departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). "So, too, chiropractic malpractice actions require proof that the defendant chiropractor deviated or departed from the accepted community standards of chiropractic practice, and that such deviation or departure was a proximate cause of the plaintiff's injuries" (Bongiovanni v Cavagnuolo, 138 AD3d 12, 16). A defendant moving for summary judgment in a medical or chiropractic malpractice action must demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, [*2]324), with respect to at least one of those elements (see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Bongiovanni v Cavagnuolo, 138 AD3d at 16; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1004). "In opposition, the plaintiff must demonstrate the existence of a triable issue of fact only as to the elements on which the defendant has met his or her initial burden" (Rivers v Birnbaum, 102 AD3d 26, 43; see Metcalf v O'Halleran, 137 AD3d 758, 759; Stukas v Streiter, 83 AD3d at 23-24).
Here, the defendants established their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants demonstrated, through the affirmations of their experts, the medical records, and their deposition testimony, that their role was limited to evaluating and treating injuries the decedent allegedly suffered to his neck and back in the accident (see Donnelly v Parikh, 150 AD3d 820, 822-823; Meade v Yland, 140 AD3d 931, 933). Further, the defendants demonstrated, prima facie, that any alleged negligence in failing to refer the decedent to a dermatologist or specialist did not cause a worsening of the decedent's adenocarcinoma, as the decedent did, in fact, visit his dermatologist in July 2013, who assessed the decedent's neck and found "no suspicious lesions" (see DiLorenzo v Zaso, 148 AD3d at 1113; Sukhraj v New York City Health & Hosps. Corp., 106 AD3d 809, 810).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, his testimony that he observed a quarter-sized red spot on the decedent's neck on Mother's Day 2013 was insufficient to raise a triable issue of fact as to whether the defendants should have observed that "spot" and referred the decedent to a specialist. Moreover, the affirmation of the plaintiff's expert was conclusory and speculative (see Abakpa v Martin, 132 AD3d 924, 927; Senatore v Epstein, 128 AD3d 794, 796).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court