Attia v Klebanov (2021 NY Slip Op 01241)





Attia v Klebanov


2021 NY Slip Op 01241


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08521
 (Index No. 13672/10)

[*1]Marc Attia, appellant, 
v
Irina Klebanov, etc., et al., defendants, Maimonides Medical Center, respondent.


Pegalis & Erickson, LLC, Lake Success, NY (Gerhardt M. Nielsen of counsel), for appellant.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated June 21, 2017. The judgment, insofar as appealed from, upon an amended order of the same court dated May 8, 2017, inter alia, granting that branch of the motion of the defendant Maimonides Medical Center which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it, is in favor of the defendant Maimonides Medical Center and against the plaintiff dismissing that cause of action insofar as asserted against that defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On January 24, 2009, the plaintiff was admitted to the defendant Maimonides Medical Center (hereinafter the hospital) through its emergency department, for treatment of a probable transient ischemic attack. On January 25, 2009, the plaintiff was discharged from the hospital and on February 2, 2009, he suffered a subcortical or lacunar stroke. In June 2010, the plaintiff commenced this action against the hospital and others alleging, inter alia, that the medical care provided by the hospital resulted in his subsequent alleged injuries. Following the completion of discovery, the hospital moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion. The Supreme Court granted the motion and, thereafter, a judgment was entered in favor of the hospital, inter alia, dismissing the complaint insofar as asserted against it. The plaintiff appeals from so much of the judgment as dismissed the cause of action alleging medical malpractice insofar as asserted against the hospital.
In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff (see Tsitrin v New York Community Hosp., 154 AD3d 994; Feuer v Ng, 136 AD3d 704, 706). In response, the plaintiff bears the burden of raising a triable issue of fact "regarding the element or elements on which the defendant has made its prima facie showing" (Feuer v Ng, 136 AD3d at 706 [internal quotation marks omitted]). Expert opinions, in order not to be considered speculative or conclusory, should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on "specifically cited evidence in [*2]the record" (Roca v Perel, 51 AD3d 757, 759).
Here, the hospital established its prima facie entitlement to judgment as a matter of law by submitting the expert affirmation of a physician, a board-certified internist, who opined that the care and treatment rendered at the hospital did not deviate from accepted medical practice, and that such care and treatment did not proximately cause the alleged injuries (see Hernandez v Nwaishienyi, 148 AD3d 684, 686). In opposition, the plaintiff's evidence, including the expert affidavit of a physician, failed to raise a triable issue of fact. The plaintiff's expert, in merely speculative terms, opined that the hospital's care of the plaintiff was deficient (see Cucchiara v Funicelli, 189 AD3d 1349; Abakpa v Martin, 132 AD3d 924, 927; Roca v Perel, 51 AD3d at 759). The opinions of the plaintiff's expert were conclusory at best, and failed to address specific assertions made by the hospital's expert (see Hernandez v Nwaishienyi, 148 AD3d at 686; Abalola v Flower Hosp., 44 AD3d 522).
Moreover, portions of the opinion of the plaintiff's expert were actually contradicted by the record and were thus insufficient to raise a triable issue of fact (see Erkomaishvili v Volovoy, 186 AD3d 799, 801; Wagner v Parker, 172 AD3d 954, 955). For example, the plaintiff's expert opined that the hospital departed from accepted medical practice by only prescribing Metoprolol upon the plaintiff's discharge from the hospital. However, the record demonstrates that, upon discharge, the plaintiff was prescribed another blood pressure medication, in addition to Metoprolol. As such, there are no conflicting expert opinions that warrant a jury determination regarding the cause of action alleging medical malpractice insofar as asserted against the hospital (see Roca v Perel, 51 AD3d at 759).
Accordingly, the Supreme Court properly granted that branch of the hospital's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against it.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court