21-649-cv
Buchanan v. Hesse

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-two.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
          JOSEPH F. BIANCO,
                    *Circuit Judges*.

-----------------------------------------------------------------

CHRISTOPHER BUCHANAN, as Attorney-in-Fact for LAURI A. BUCHANAN, as Co-Administrator for the Estate of CYDNEY BUCHANAN, a Minor, Deceased,

          *Plaintiff-Appellant*,

          v.                                        No. 21-649-cv

FREDERICK R. HESSE, M.D.,

          *Defendant-Appellee*.*

-----------------------------------------------------------------

---

*  The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: Caitlin Robin, Mark Laughlin, Caitlin Robin & Associates PLLC, New York, NY

FOR DEFENDANT-APPELLEE: Jonathan Reed, Rende, Ryan & Downes, LLP, White Plains, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Christopher and Lauri A. Buchanan brought this suit on behalf of the Estate of their daughter, Cydney Buchanan, who tragically died while undergoing substance abuse treatment at Arms Acres, a residential drug treatment facility in Carmel, New York. The suit previously included multiple defendants, including the Arms Acres facility, but all defendants except Dr. Frederick R. Hesse settled. In June 2020 Dr. Hesse moved for summary judgment on the grounds that he did not depart from accepted medical practice and was not negligent in caring for Cydney under New York law. The District Court (Briccetti, J.) granted the motion on February 22, 2021, and Christopher Buchanan, as attorney-in-fact for Lauri A. Buchanan, appealed. "We review de novo a district court's grant of summary judgment, resolving all ambiguities and

drawing all permissible factual inferences in favor of the non-moving party."

Tardif v. City of New York, 991 F.3d 394, 403 (2d Cir. 2021). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We begin with the medical malpractice claim, which both parties agree is governed by New York law. A medical malpractice defendant is entitled to summary judgment if it shows as a matter of law based on undisputed facts "that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff." Attia v. Klebanov, 143 N.Y.S.3d 408, 410 (2d Dep't 2021). To survive summary judgment, the plaintiff must present expert testimony "from a medical doctor attesting that the defendant departed from accepted medical practice and that the departure was the proximate cause of the injuries alleged." Roques v. Noble, 899 N.Y.S.2d 193, 196 (1st Dep't 2010). In other words, the expert's opinion "must demonstrate the requisite nexus between the malpractice allegedly committed and the harm suffered." Anyie B. v. Bronx Lebanon Hosp., 5 N.Y.S.3d 92, 93 (1st Dep't 2015) (quotation marks omitted).

The District Court correctly determined that Dr. Hesse made the requisite "showing that he did not depart from good and accepted medical practice." Buchanan for Buchanan v. Hesse, 521 F. Supp. 3d 348, 354 (S.D.N.Y. 2021). A medical expert testified that Dr. Hesse "performed his required duties as Medical Director of Arms Acres and was not negligent in his responsibilities in caring for Ms. Cydney Buchanan," that he "never had any contact or communication with Ms. Buchanan," that "Ms. Buchanan was not [his] patient," and that it was not necessary for the nursing staff to have alerted Dr. Hesse of Cydney Buchanan's vomiting in the hours before she died. App'x 668–69. On appeal, the Buchanans argue that Dr. Hesse's expert did not properly review the relevant materials in arriving at these conclusions, but the argument is flatly contradicted by the summary judgment record. See App'x 701–03.

Having correctly determined that Dr. Hesse made the requisite showing, the District Court also properly determined that the Buchanans failed to raise a genuine dispute of material fact to rebut the evidence "that Dr. Hesse lacked a doctor-patient relationship with Cydney." Buchanan for Buchanan, 521 F. Supp. 3d at 355. Such a relationship is generally a prerequisite for recovery in a

medical malpractice action under New York law.  See Lee v. City of New York, 560 N.Y.S.2d 700, 701 (2d Dep't 1990).

The Buchanans argue that even if Dr. Hesse had no personal contact with their daughter, he committed malpractice because he failed to properly "supervis[e] the medical and non-medical staff" and "oversee[] the medical services provided at Arms Acres," Pl. Br. at 15, and broadly "fail[ed] to meet his responsibilities" as Arms Acres' medical director, Pl. Br. at 11.  Under New York law, no liability exists "against the director of a medical department . . . without proof of a negligent act or omission on his part, whether acting in a treating or supervising capacity."  Ellis v. Brookdale Hosp. Med. Ctr., 504 N.Y.S.2d 189, 190 (2d Dep't 1986).  And even if the Buchanans were able to point to such proof, they would still have to show that the act or omission was the proximate cause of Cydney Buchanan's death.  See Arkin v. Gittleson, 32 F.3d 658, 664 (2d Cir. 1994); DiMitri v. Monsouri, 754 N.Y.S.2d 674, 675 (2d Dep't 2003).  But there is no record evidence that Dr. Hesse was responsible for overseeing the clinical staff assigned to monitor Cydney Buchanan the night she died.  See App'x 72, 138, 141, 142.  Indeed, according to the uncontroverted evidence, it was "not beyond the nursing staff to treat a patient for episodes of vomiting, without having to

5

elevate the level of care to a medical doctor." App'x 669. In light of this evidence, we agree with the District Court that summary judgment in Dr. Hesse's favor was appropriate because the Buchanans failed to create a genuine dispute of material fact with respect to their medical malpractice claim.

We turn next to the Buchanans' claim of negligence under New York law. Specifically, they maintain that Dr. Hesse did not properly provide training in cardiopulmonary resuscitation ("CPR") to Arms Acres staff present at the time of Cydney Buchanan's death and also failed to give staff access to the appropriate emergency equipment. "The elements of a negligence claim under New York law are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Pasternack v. Lab'y Corp. of Am. Holdings, 807 F.3d 14, 19 (2d Cir. 2015); see Pasternack v. Lab'y Corp. of Am. Holdings, 27 N.Y.3d 817, 825 (2016). Without deciding whether Dr. Hesse, as the medical director of Arms Acres, owed a duty to Cydney Buchanan, we conclude that the record contains no evidence indicating that he breached such a duty or that the breach caused Cydney Buchanan's death. Dr. Hesse provided unrebutted evidence that it was the responsibility of the nursing department, which was not his domain, to ensure that the emergency equipment was

6

functioning properly, and there was no record evidence that the administration of CPR was deficient or that it was a substantial cause of Cydney Buchanan's death. We therefore find no error in the District Court's dismissal of the negligence claim.

While fully acknowledging the Buchanans' pain and anguish in this tragic case, we have considered their remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
