Kelly v Ahn (2024 NY Slip Op 00621)

Kelly v Ahn

2024 NY Slip Op 00621

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-03316
 (Index No. 711534/17)

[*1]Sung Kelly, et al., appellants, 
v
Jeffrey M. Ahn, etc., et al., respondents.

Law Offices of Rudy A. Dermesropian, LLC, New York, NY, for appellants.
Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated February 7, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Sung Kelly (hereinafter the injured plaintiff), and her husband, Francis Kelly, suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against the defendants, Jeffrey M. Ahn, a physician, and his employer, Jeffrey M. Ahn, M.D., P.C. The plaintiffs alleged that Ahn caused the injured plaintiff to sustain serious injuries following a physical examination on June 15, 2015. Specifically, the plaintiffs alleged that Ahn performed an "aggressive, forceful and negligent examination" of the injured plaintiff's nose. The complaint also alleged that Ahn failed to obtain the injured plaintiff's informed consent to perform the examination. The defendants moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion. In an order dated February 7, 2020, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
In moving for summary judgment dismissing a cause of action alleging medical malpractice, "a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651; see Vidito v Hugelmeyer, 150 AD3d 1309, 1309-1310). To make this prima facie showing, the movant must "address and rebut any specific allegations of malpractice set forth in the plaintiff's . . . bill of particulars" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898 [internal quotation marks omitted]). In response to the movant's prima facie showing, the "plaintiff bears the burden of raising a triable issue of fact regarding the element or elements on which the defendant has made its prima facie showing" (Attia v Klebanov, 192 AD3d at 651 [internal quotation marks omitted]).
Here, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical [*2]malpractice. Contrary to the plaintiffs' contention, the defendants' submissions, which included the affirmation of a physician board certified in plastic and reconstructive surgery and otolaryngology, as well as the affirmation of a physician board certified in radiology, established, prima facie, that Ahn's examination complied with the accepted standard of care and did not cause the injured plaintiff's alleged injuries.
In opposition to the defendants' prima facie showing, the plaintiffs, who did not submit an expert affirmation, did not raise a triable issue of fact (see Wray-Davis v New York Methodist Hosp., 186 AD3d 537, 538; cf Stukas v Streiter, 83 AD3d 18, 31). Even assuming that the unsworn report from the injured plaintiff's treating physician submitted with the plaintiffs' opposition constituted evidence in admissible form, the substance of the report was conclusory and speculative and failed to address the elements on which the defendants made their prima facie showing, and therefore failed to raise a triable issue of fact to defeat summary judgment (see Attia v Klebanov, 192 AD3d at 651-652).
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging loss of consortium and services, as it is derivative of the medical malpractice cause of action (see Millington v Southeastern El. Co., 22 NY2d 498, 503; Ferguson v Laffer, 149 AD3d 907, 908; Paisley v Coin Device Corp., 5 AD3d 748, 750).
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent. "A cause of action alleging lack of informed consent requires an affirmative violation of physical integrity in the absence of informed consent" (S.W. v Catskill Regional Med. Ctr., 211 AD3d 890, 891; see Public Health Law § 2805-d; DeChico v Northern Westchester Hosp. Ctr., 73 AD3d 838, 841). Here, the defendants' submissions, including their experts' affirmations, established, prima facie, that Ahn's examination of the injured plaintiff did not involve an affirmative violation of her physical integrity (see Lindsay-Thompson v Montefiore Med. Ctr., 147 AD3d 638, 639; Deutsch v Chaglassian, 71 AD3d 718, 719), and, in opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court